## UNITED STATES v. ONE PACKARD SEDAN.

(District Court, S. D. Florida. September 7, 1926.)

No. 2464.

**1. Customs duties ⊂⊃133—Intoxicating liquors ⊂⊃250.**

Where a libel for forfeiture of an automobile, was based on violation of the National Prohibition Act and also of a customs law, the government may elect to proceed only under the latter charge (Comp. St. § 10138¼ et seq.).

**2. Customs duties ⊂⊃133—Intoxicating liquors ⊂⊃250—Under the National Prohibition Act (Comp. St. § 10138¼ et seq.), libel for forfeiture of vehicle used in conveying liquor illegally imported may be maintained under Rev. St. § 3062 (Comp. St. § 5764).**

Under Supplemental Prohibition Act Nov. 23, 1921 (42 Stat. 222), continuing in force all laws relating to intoxicating liquors not in direct conflict with that act or National Prohibition Act (Comp. St. § 10138¼ et seq.), Rev. St. § 3062 (Comp. St. § 5764), providing for forfeiture of vehicles used in conveying merchandise illegally imported, continued in force, and a proceeding for forfeiture may be brought thereunder, instead of under the National Prohibition Act, when the merchandise illegally imported consists of intoxicating liquors.

**3. Customs duties ⊂⊃6—Rev. St. § 3062 (Comp. St. § 5764), held not repealed by implication by Tariff Act 1922, § 594 (Comp. St. § 5841h14).**

Rev. St. § 3062 (Comp. St. § 5764), providing for forfeiture of vehicles used in conveying merchandise illegally imported, held not repealed by implication by Tariff Act 1922, § 594 (Comp. St. § 5841h14).

**4. Intoxicating liquors ⊂⊃250.**

Evidence held insufficient to warrant forfeiture of automobile under Rev. St. § 3062, as used in conveying intoxicating liquor illegally imported (Comp. St. § 5764).

Forfeiture libel. Proceeding by the United States for forfeiture of one Packard Sedan. Libel dismissed.

Louis S. Joel, Asst. U. S. Atty., of Jacksonville, Fla.

Stanton Walker, of Jacksonville, Fla., for claimant.

CALL, District Judge. This cause comes on for hearing upon the libel for forfeiture filed by the government, the claim interposed by the Packard Palm Beach Company, answer, the testimony taken, and stipulation filed by proctors of the respective parties.

[1] The libel alleges two grounds for forfeiture: First, the violation of section 593b of the Tariff Act of 1922 (Comp. St. § 5841h13), under sections 3061 and 3062 of the Revised Statutes (Comp. St. §§ 5763, 5764); second, under the National Prohibition Act (Comp. St. § 10138¼ et seq.). This

last ground was abandoned by the proctor for the government at the hearing. This course was objected to by proctor for claimant. I see no objection to this proceeding, as there was no election by the government to proceed under the Prohibition Act, as in the case of The Spray (D. C.) 6 F.(2d) 414. Nor has there been any conviction of any one under the Tariff Act or the Prohibition Act.

It is admitted under the stipulation that the claimant sold the car to one Maripou under a retained title contract in good faith, and had no knowledge of any illegal use; that the payments have not been made, and the car will not bring the amount due under the contract. So there is no question of mala fides on the part of the claimant.

[2] The forfeiture is sought under provisions of section 3062 of the Revised Statutes. That section provides for the seizure and forfeiture of all vessels used in conveying illegally imported merchandise. Section 3063 of the Revised Statutes (Comp. St. § 5765), provides when vehicles, etc., used as common carriers may be forfeited.

It seems to be the uniform opinion of the courts that since Congress passed the Act of November 23d, 1921 (42 Stat. 222), amendatory of the National Prohibition Act, laws providing penalties other than those provided in the Prohibition Act are still in force, the same as though they had been re-enacted in that act, unless they are in direct conflict with the Prohibition Act or the amending act. Those decisions settle the question in favor of the government as to whether a proceeding for forfeiture may be maintained for a violation of the customs or revenue acts.

[3] The Tariff Act was passed in 1922 (chapter 356, § 593b), and provides that if any person fraudulently imports any merchandise into the United States, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, etc., of such merchandise, knowing the same to have been imported contrary to law, he shall be subject to the penalties therein prescribed of fine or imprisonment, or both.

Section 594 of the act (Comp. St. § 5841h14) provides that, whenever a vessel or vehicle, or the owner or master, conductor, driver, or other person in charge thereof, has become subject to a penalty for the violation of the customs revenue laws, such vessel or vehicle shall be held for the payment summarily by libel to recover the same. It is provided in this section, as in section 3062 of the Revised Statutes, that vessels and vehicles engaged as common carriers are exempt from the provisions, unless it appears that the owner, etc., were privy to the illegal use.

It seems to me that the words used in section 3062 work an absolute forfeiture of the vehicle in which any merchandise illegally imported is found, except in the case of vehicles used in common carriage of freight or passengers, and is now existing law, unless repealed by Tariff Act 1922, § 594. The innocent owner or lienor is protected by section 613, title 4, of chapter 356, Act September 21, 1922 (Comp. St. § 5841h33), by the provision for an application for a return of the proceeds of the sale of seized property to administration officers.

Repeals by implication are not favored, and the intent of the law-making power to repeal must be apparent from a proper construction of the acts. As before said, section 3062 works a forfeiture of the vehicle in which the merchandise is found, regardless of the ownership, or the guilt or innocence of such owner of wrongdoing, except in the case of common carriers; whereas, section 594 of the Tariff Act provides that, in case a penalty is assessed against the person in charge, the vehicle can be held to pay said penalty. It does not seem to me that there is such conflict in the two sections as would justify the courts to hold that section 3062 was repealed by implication by the provisions of section 594 of the Tariff Act.

If section 3062 is in force, the good faith of the claimant can have no effect to prevent a forfeiture, if the government has sustained its libel by proof. The burden of doing this is placed upon the government by the libel and answer thereto.

[4] To sustain this burden, the government introduced one witness, a customs inspector, who testified that he found the car parked on a street, and in a valise in said car found a bottle partly full of whisky, with a label of "Black and White Whisky" on it. He said, further, that he understood this label to be a label found on Scotch whisky, but would not say it contained imported whisky when he found it. He testified that, at a time previous to his seizing the car, he had seen bags unloaded from a boat, which he believed contained whisky, and placed in this same car to be carried to some place; his belief being based upon the similarity of such packages to others which he had seen which contained whisky. Also the proctor for the government introduced in evidence over the objection of claimant certain bills for liquor which he had found in a place of Maripou's which he had searched—said bills apparently being from a liquor dealer in the Bahama Islands, but not made out to Maripou.

I do not think said bills were admissible in evidence to prove the importation, nor do I

think the fact that the bottle of whisky found in the suit case in the parked car sufficient to prove importation. It must be borne in mind that this proceeding is to forfeit the car as the offender, irrespective of the ownership, and, while it is a civil proceeding, yet is for the commission of a criminal offense, and partakes, therefore, somewhat of a criminal procedure. Surely something more than a suspicion, however well grounded in the mind of the customs inspector from his investigations, must appear in evidence before the court can by its decree deprive the citizen of his property. And yet that is all that I find in this case.

I am constrained, therefore, to dismiss the libel in this case. It will be so decreed.