## UNITED STATES v. PACKARD SEDAN.

District Court, S. D. Florida. January 13, 1928.

No. 1440.

1. **Evidence** ⊙⊃317(2), 318(1)—**Oral and written statements of driver of automobile sought to be forfeited held properly excluded as hearsay (Tariff Act 1922, § 593b [19 USCA § 497]).**

In libel to forfeit automobile used in transporting liquor, in violation of Tariff Act 1922, § 593b (19 USCA § 497), testimony as to what driver of automobile told customs officers and written statement of driver were properly excluded as hearsay.

2. **Intoxicating liquors** ⊙⊃250—**Evidence held not to show probable cause for forfeiture of automobile on ground that liquor found therein was unlawfully imported (Tariff Act 1922, §§ 593b, 615 [19 USCA §§ 497, 525]; 19 USCA §§ 482, 483).**

Evidence that car containing liquor was seized on public highway in state of Florida, and that bottles were labeled "Canadian Club," *held* not sufficient to show probable cause, under Tariff Act 1922, § 615 (19 USCA § 525), that liquor was unlawfully introduced into the United States in violation of section 593b (19 USCA § 497), so as to justify institution of suit to forfeit automobile, under Rev. St. §§ 3061, 3062 (19 USCA §§ 482, 483).

Forfeiture Libel. Proceeding by the United States against one Packard sedan, motor No. 71005–A, wherein the Finance Corporation of America and another filed joint petition of intervention, claiming automobile, which petition was consolidated with libel. Libel dismissed, and car ordered returned to claimants.

Wm. M. Gober, U. S. Atty., of Tampa, Fla., and L. S. Joel, Asst. U. S. Atty., of Jacksonville, Fla., for libelant.

H. S. Phillips and Cyrus W. Fields, both of Tampa, Fla., for claimants.

JONES, District Judge. The automobile in question was seized about February 26, 1926, by customs officers on a state highway in Pasco county, Florida, at a point between Brooksville, Fla., and Tampa, Fla. At the time of the seizure the automobile contained a quantity of liquor, which was also seized.

The libel alleges that at the time of the

seizure the automobile was being used "to facilitate the transportation, concealment, and sale of certain merchandise imported or brought into the United States contrary to law, * * * to wit, three hundred bottles of Canadian Club whisky, * * * in violation of section 593b of the Tariff Act of 1922." It then proceeds to set up the facts in connection with the seizure, and alleges that the automobile was subject to forfeiture under sections 3061 and 3062 of the Revised Statutes of the United States (19 USCA §§ 482, 483 [Comp. St. §§ 5763, 5764]).

The Finance Corporation of America and the Independent Indemnity Company filed a joint petition of intervention in this suit, alleging that they were the innocent holders of the title to the automobile in question, the sum of $1,958 being due on the purchase price of said automobile, as represented by a conditional sale contract now owned by the interveners and claimants. These interveners and claimants, prior to the filing of this libel, had filed a petition in this court setting up their ownership of the automobile, and praying that a rule nisi issue, directed to the collector of customs, commanding him to show cause why the automobile should not be delivered to them. By consent this petition and rule were consolidated with the libel, and the case referred to a commissioner to take the testimony.

It now comes on for final hearing upon the facts. At the taking of the testimony it was stipulated by the parties that the petition for rule nisi and the answer filed thereto be consolidated with the libel and the petition of intervention, and "that the said cause proceed as at issue on the allegations of the libelant and a general denial by the claimants." It was further stipulated "that the Finance Company, claimant in this case, whose claim amounts to $1,938.34, is a bona fide claimant for the unpaid balance of the purchase price of the automobile in controversy."

The government introduced witnesses who testified that the car was seized at the time and place set forth in the libel and that it contained a quantity of liquor labeled "Canadian Club." The customs inspectors who testified to these facts did not know where the liquor came from, nor did they know at what point it was loaded into the automobile. They testified as to statements made by the driver of the car (a man named Fresno) that the liquor had been landed from a boat at Bayport, Fla., the night before, but it was in the woods when it was loaded into the automobile. They also offered in evidence a signed statement made by Fresno to this effect.

[1] The claimants objected to the introduction of testimony as to what Fresno had told them, and to the introduction of the written statement, on the ground that it was hearsay, and the witness should be produced in person. These objections were unquestionably well taken and are sustained. These customs officers further testified that they reached the conclusion that this was foreign liquor, and had been unlawfully brought into this country, because of the labels.

In addition to this testimony a witness, Treglia, examined some of the seized liquor and tasted same at the hearing, and testified that he had purchased large quantities of Canadian Club liquor at Halifax, Bermuda, Nassau, and St. Pierre, and that he, from the taste of this liquor, could tell that it was made in Canada. On cross-examination he was unable to tell where the distillery of the concern which is supposed to manufacture Canadian Club liquor in Canada is located. He further testified under cross-examination that he could not swear where this particular liquor was made, but, if he was buying Canadian Club liquor, he would buy this liquor. The claimants offered no testimony.

Section 593b of the Tariff Act of 1922 (paragraph 5841h13, U. S. Comp. Stat. 1925 Supp. [19 USCA § 497]), a violation of which is alleged in the libel, provides for the punishment of any person who "fraudulently or knowingly imports or brings into the United States, or assists in so doing, any merchandise, contrary to law, or receives, conceals, * * * or in any manner facilitates the transportation, concealment or sale of such merchandise after importation, knowing the same to have been imported or brought into the United States contrary to law," and provides for the forfeiture of such merchandise.

There is no provision in this section for the forfeiture of the car, the government basing its claim to a forfeiture upon the provisions of sections 3061 and 3062 of the Revised Statutes. These two sections, construed together, provide for the search of vehicles by authorized officers, where the officers "suspect there is merchandise which is subject to duty, or shall have been introduced into the United States in any manner contrary to law," and for the forfeiture of such vehicles, where such officers find therein merchandise "subject to duty," or which has been "unlawfully introduced into the United States."

It is quite clear from these statutes that, to effect the forfeiture of this automobile,

the goods found therein must have been "subject to duty" or "unlawfully introduced into the United States." After sustaining the objections to the testimony improperly offered, the evidence shows that this car, containing this liquor, was seized on a public highway in the state of Florida, without any evidence to show where the car came from, and with no evidence to show that the liquor was unlawfully brought into the United States, except the fact that the bottles bore labels indicating the liquor was manufactured in Canada.

[2] The question, therefore, to be determined, is: Does this evidence justify the conclusion that this liquor was "unlawfully brought into the United States?" for, if not, a forfeiture cannot be sustained. It is the contention of the government that these facts show "probable cause" for the institution of the suit, and that under section 615 of the Tariff Act of 1922 (19 USCA § 525 [Comp. St. § 5841h35]) the burden of proof, in these circumstances, is placed upon the claimants, and, as no evidence was offered by them, a forfeiture must be decreed.

Section 615, supra, provides that, in all suits brought for the forfeiture of any vessel or vehicle under any law relating to the collection of duties on imports and the property is claimed, "the burden of proof shall lie upon such claimants," provided that "probable cause shall be first shown for the institution of such suit or action, to be judged of by the court."

This section does not, in my opinion, change the rules of evidence, nor does it give probative force to testimony otherwise of no legal effect. It places upon the government the burden of first showing "probable cause" for the institution of the suit, and this must be by competent evidence, and not by hearsay, suspicions, or guesses. The fact that the liquor found in this car was labeled "Canadian Club" is not of sufficient probative force to show probable cause to institute a suit to forfeit the car, for it will not warrant the conclusion that the liquor so labeled was imported or brought into the United States unlawfully, as is prohibited by section 593b of the Tariff Act of 1922.

It has been held by this court, in an opinion by the late Judge Call, that such a label on liquor is not sufficient to prove importation. See United States v. One Packard Sedan, 14 F.(2d) 874. In my opinion it is not sufficient to be considered as probable cause to institute a suit to forfeit the automobile in which it was found.

A decree will therefore be entered, dismissing the libel at the cost of the libelant, and ordering the return of the car to the claimants.