### THE IRENE C.

### UNITED STATES v. CARGO OF LIQUORS OF THE IRENE C.

### Nos. 4197, 4198.

District Court, D. Massachusetts.
May 20, 1930.

ing on board a proper manifest. The real charge is that the Irene C was trying to land a cargo of liquor here. It seems unfortunate that our statutes should not contain a provision subjecting to forfeiture vessels which engage in smuggling operations within the twelve-mile limit or the treaty distance. It would avoid the appearance of mere technicality and oppressive distortion of the law which the present libel has upon its face. The ground alleged against the cargo is that it was consigned to the master of the Irene C, and, not being legally manifested, was for that reason forfeitable.

The only disputed questions are (1) whether the Irene C was within the twelve-mile limit, and (2) whether she was bound to the United States. The facts are as follows: On Christmas night, 1929, coast guard cutter No. 152 observed a vessel without lights approaching the coast about three miles outside Boston Light Vessel. The cutter stopped and boarded the approaching vessel, which turned out to be the Irene C. On his discovery that her cargo was intoxicating liquor she was seized by the officer in command of the cutter and brought into Boston. The distance to shore from the point of seizure was less than eight miles; and the Irene C was easily capable of making it within an hour under her own power. She carried a manifest in the French language issued at St. Pierre on December 19, 1929 which was couched in very general terms, stating simply that she carried a cargo of assorted liquors. All the liquor was in the forehold, which was sealed at the time when the vessel was boarded. The seals were broken by the boarding officers.

It was a clear night; the lights on Boston Light Vessel, the Graves, and Minot's Ledge were clearly visible, as well as lights on shore. It is too clear for discussion that the master of the Irene C knew exactly where she was, and that he was running in toward shore to land his cargo. He was the only witness on behalf of his vessel. He testified that the seizure was much farther off shore than the officers say, and that he had no intention of coming within the twelve-mile limit. But for reasons which I need not state in detail his evidence was not convincing. I believe that the testimony of the government officers is correct in all essential particulars.

The defendant relies on the Sylvia II (D. C.) 28 F.(2d) 215. The views which I there expressed about the law seem to me sound; but there is a decisive difference in the facts. The evidence showed clearly that the master

Frederick H. Tarr, U. S. Atty., and Ellen L. Buckley, Asst. U. S. Atty., both of Boston, Mass.

Joseph V. Carroll, of Boston, Mass., for defendant.

MORTON, District Judge.

These are two libels, the first for penalties against the vessel; the second for forfeiture of the cargo. The only ground alleged against the vessel is that she was bound to the United States, and had approached within twelve miles of the coast without hav-

of the Sylvia II never meant to bring her within the twelve-mile limit, and that she was not "bound for the United States," as required by the statute in question. In this case as above stated, I am satisfied that the Irene C meant to come within the territorial waters of the United States.

■ As her manifest did not comply with the basic requirements of our law (19 USCA § 241), it is for present purposes a nullity. Phile v. The Anna, 1 Dall. 197, 1 L. Ed. 98.

■ The custom authorities appraised the cargo at $45,632, and assessed against the master of the Irene C a penalty equal to that amount. This appraisal was based on the price of her liquors when sold in dozen lots by authorized dealers in this country to persons holding permits to purchase. There was no evidence as to the price at which such dealers bought similar liquors; and the appraising officer who testified in these proceedings was ignorant upon the point. Nor was there any evidence as to the domestic value of such liquors when landed in this country for legal importation. The collector accepted what may be termed the retail valuation, and based his penalty upon it. The retail mark-up is evidently included in the wholesale valuation. The amount of the penalty is accordingly too large. No case dealing with such a situation has come to my attention. As the penalty must in the first instance be assessed by the collector, the proper course will, in my judgment, be for him to reassess the penalty under correct rules of law, and for the libel to be amended so as to set up the correct penalty. "The penalties incurred by the master became a direct liability of the vessel, subjecting her to immediate seizure and to summary proceedings by libel." Brown, J., The Pesaquid (D. C.) 11 F.(2d) 308, at page 311. On amendment of the libel setting up the corrected penalty and the nonpayment of it, a decree may be entered forfeiting the vessel.

■ The second libel, for forfeiture of the cargo, rests upon the facts previously stated, and upon the further essential allegation that the cargo was consigned to the master. The manifest described it merely as "A cargo of assorted spirituous liquors and ship's stores," without any further details either as to packages or to ownership. There was no indication as to the ownership of the cargo or the person to whom it was consigned, either in the ship's papers or on the goods. On such facts it is well settled that the cargo is regarded as consigned to the master. See The Mistinguette (C. C. A.) 27 F.(2d) 738; The Marion Phillis (C. C. A.) 36 F.(2d) 688. The master testifies that the liquors were owned by the claimant and were to be delivered on the high seas to a British vessel, name unknown, on presentation by her of a message signed by Cann. In view of the position, course, and conduct of the Irene C at the time of seizure, I am unable to accept this testimony as establishing any interest in the cargo different from the presumption arising on the face of the papers. It follows that the cargo being consigned to the master and not properly manifested was forfeitable.

In case No. 4198 against the cargo there will be a decree of forfeiture.

Case No. 4197 against the Irene C is to stand awaiting an amendment of the libel.