## THE EVELYN RUTH.
### No. 4215.

District Court, D. Massachusetts.

July 3, 1930.

Wm. H. Lewis and Matthew L. Mc-Grath, both of Boston, Mass., for claimant.

MORTON, District Judge.

This is a libel for forfeiture. The grounds alleged are (1) that, being licensed only for coasting trade and fishing service, the vessel was trading outside her license and unlawfully transporting intoxicating liquor in violation of the National Prohibition Act; (2) that she unlawfully traded outside her license and fraudulently brought into this country from a foreign place and landed here a cargo of foreign liquor without customs supervision or permit and without payment of the lawful duties, and that she is accordingly liable to forfeiture under Revised Stat. § 4377 (46 USCA § 325); and (3) that she carried into this country from a foreign place a cargo of foreign liquor val-

ued at more than $500 which was unlawfully unladened here at night without the required customs license or permit to do so, and that she is accordingly liable to forfeiture under sections 450 and 453 of the Tariff Act of 1922 (Act of September 21, 1922), 19 USCA §§ 263, 266.

The facts are as follows: The Evelyn Ruth is a motorboat about fifty feet long with powerful engines. Her home port is Pembroke, Me. She is licensed as a coasting vessel and for fishing service. In the early morning of Sunday, March 30th, last, a cargo of intoxicating liquor was landed from her at an unused plant of the Boston Gas Company in Boston harbor. She grounded there on the falling tide and after daylight was boarded by a sergeant of police; he learned her name, but did not seize her. Her master and some members of her crew were arrested by the Boston police while they were ashore on the premises in question during the night. When the boat floated on the rising tide, those of her crew who remained on board took her to sea without hindrance or pursuit. Later in the morning the customs officers on being apprised of these facts gave instructions to the coast guard to seize the Evelyn Ruth wherever they could find her. She was accordingly taken shortly before noon on the same day in Provincetown harbor. The crew then on her ran away as the cutter approached and were not apprehended or identified.

■ The only question of fact about which there is room for doubt is whether the liquors were foreign goods. There is no evidence upon this point, except such as is furnished by the appearance of the goods and the circumstances under which they were seized. The markings on the sacks and the labels on the bottles indicate or state foreign origin. Such things are, however, so often counterfeited—as cases in this and other courts have shown—that standing alone without any other evidence they are no proof of foreign origin of the goods; it was so held in United States v. One Packard Sedan (D. C.) 14 F.(2d) 874 and United States v. Packard Sedan (D. C.) 23 F.(2d) 865. There are no surrounding circumstances to strengthen the government's contention. Nothing is shown as to the movements of the Evelyn Ruth until she was found alongside the pier or bulkhead. For all that appears the liquors may have been manufactured nearby, and marked with false labels. In Brown v. United States, 16 F.(2d) 682 (C. C. A. 1), the fact that alcohol was brought in from vessels on "Rum Row" so-called was held not sufficient evidence that it was of foreign origin to support criminal prosecution under the customs laws. That decision is nearly conclusive of the present question. In United States v. The Irene C (D. C., Mass., 20 May 1930), 41 F.(2d) 288, the liquors held to be of foreign origin were seized at sea on a Canadian vessel carrying a St. Pierre, Miq., clearance, and a manifest issued at the same place showing liquors.

Under the Tariff Act of September 21, 1922, § 615 (19 USCA § 525) the burden of proof is upon the claimant where the government has first shown probable cause for the institution of the suit. Assuming that the character and markings on the goods, together with the circumstances under which they were found, furnished such probable cause for the collector to believe that the Evelyn Ruth had been smuggling foreign goods, as to throw the burden of proof upon the claimant, the question is still to be decided upon the evidence submitted. On all the evidence it does not appear that the liquors were of foreign origin. As this is an essential element of both the second and the third charges, they are not sustained. Moreover, even assuming the cargo to have been foreign liquors, it is very doubtful whether the vessel was seizable after the offense had been completed. See U. S. v. One Reo Sedan (D. C.) 39 F.(2d) 120, a careful opinion by Judge Brewster; also U. S. v. Hydes (D. C.) 267 F. 470, and The May, Fed. Cas. No. 9330.

■ Under the first charge, viz., that the Evelyn Ruth was engaged in unlawful transportation of liquor in violation of the National Prohibition Act, the origin of the goods is immaterial. The only question under this charge is whether the vessel was seizable after the offense had been completed. It is answered by the language of the act itself. "When the commissioner, his assistants, inspectors, or any officer of the law shall discover any person in the act of transporting in violation of the law, intoxicating liquors in any wagon, buggy, automobile, water or air craft, or other vehicle, it shall be his duty to seize any and all intoxicating liquors found therein being transported contrary to law. Whenever intoxicating liquors transported or possessed illegally shall be seized by an officer he shall take possession of the vehicle and team or automobile, boat, air or water craft, or any other conveyance, and shall arrest any person in charge thereof." Section 26, tit. 2 (27 USCA § 40). This plainly conditions the right

of seizure upon discovery of the transportation while it is still, legally speaking, in progress. U. S. v. One Buick Automobile (D. C.) 33 F.(2d) 353.

On all the evidence I find and rule that the seizure was unlawful, and that no libel for forfeiture can be grounded upon it.

Libel dismissed, but without prejudice to the government's right to institute other proceedings by libel and arrest if so advised.