UNITED STATES of America,
Libelant,

v.

ONE 1955 PONTIAC STARCHIEF CUS-
TOM HARDTOP COUPE, Motor No.
P-855-H-17900 and Velva L. Robinson,
Respondent.

Civ. A. No. 1492-D.

United States District Court
E. D. Illinois.

March 1, 1957.

Charles R. Young, Asst. U. S. Atty., Danville, Ill., Jack Morris, Asst. U. S. Atty., East St. Louis, Ill., for libelant.

Ray M. Foreman and Kenneth Clapper, Danville, Ill., for claimant-intervenor.

PLATT, Chief Judge.

This is a libel alleging that the Pontiac was used to transport or to facilitate the transportation of contraband narcotic drugs. 49 U.S.C.A. § 781 et seq. Velva L. Robinson filed an answer as claimant and owner of the vehicle.

The facts were stipulated. The government offered five affidavits of persons who stated that Howard Robinson was engaged in the traffic of narcotics and that he had used the automobile in question in obtaining and carrying heroin. One affiant stated that he had driven the car at the request of Robinson to Chicago to obtain heroin on one occasion. None of these statements were made in the presence of Howard Robinson or of Velva L. Robinson. The seizure of the automobile was based upon these statements to the Sheriff of Vermilion County, Illinois, and the Narcotic Agent. The claimant objected to the admission in evidence of these statements for the reason that they were hearsay and were not sufficient to support condemnation of the vehicle.

It was further stipulated that Velva Robinson, if called as a witness, would testify that she is the owner of the vehicle; that she bought it on or about January 1, 1955; that she used the vehicle for personal use in going to and from her place of employment, and at no time while she personally had it in her possession transported or concealed narcotics in it or used it in any way to violate the statute and that she never authorized any one to use the vehicle in such a manner.

It was further stipulated that if Howard Robinson was called as a witness he would testify that after April 5, 1946, when his own vehicle, the Eldorado Cadillac, subject of another libel action in this court, became damaged in an accident he obtained permission from his mother to use the Pontiac in going to and from his Air Base in Indiana; that he would deny as untrue each and every allegation contained in the hearsay statements.

In addition it was stipulated that if five witnesses were called they would testify that Velva Robinson had lived in Danville for 30 years and is a person with a good reputation for veracity and for being a law abiding citizen.

The burden of proof lies upon the claimant, "Provided, that probable cause shall be first shown for the institution of such suit or action, to be judged of by the court * * *". 19 U.S.C.A. § 1615.

The government contends that hearsay testimony is admissible to prove probable cause and should be admitted in evidence and is sufficient in the face of the claimant's evidence to justify the condemnation of the vehicle. The government relies upon United States v. One 1949 Pontiac, 7 Cir., 194 F.2d 756; certiorari denied Moses v. United States, 343 U.S. 966, 72 S.Ct. 1061, 96 L.Ed. 1363; Ted's Motors v. United States, 8 Cir., 217 F.2d 777; W. E. Dean & Co. v. United States, 5 Cir., 171 F.2d 468 and United States v. Gramling, 5 Cir., 180 F.2d 498. In the One 1949 Pontiac Sedan case Judge Lindley stated, 194 F.2d at p. 759:

"[I]t appears correct to conclude that probable cause, as used in this context, is less than prima facie proof, but more than mere suspicion. Lying somewhere in the hiatus between these two extemities the semanticist would find its precise meaning. * * * Suffice it to say that we believe that, if the facts are of such a nature as to support a reasonable belief of a violation of the statute probable cause has been shown."

In this case the "[Narcotic] Agent * * * was permitted to testify, subject to an objection of hearsay, that Marvin Moses, upon being asked 'how he came to the building' replied, by means of the automobile in question." The district court held that this evidence was not admissible. Judge Lindley concluded that the propriety of the exclusion of this evidence was not decisive of the issues, but he did not hold that this evidence was admissible. The decision was based on other facts. The Agents found narcotics on the person of Moses, who was the driver of the car, and he also had the keys to the car. The automobile was not parked in the street at the time the Agents arrived at the Moses home but was there after the narcotics were found on Moses. The claimant offered no evidence and the vehicle was forfeited.

In the Ted's Motors case a purchase of narcotics was made by the Agent through Buckner's arrangement from one Pleasant in Buckner's presence. The Agent stated that Buckner said he had loaned the automobile to Pleasant to obtain the narcotics. Pleasant admitted to the Agent he used the automobile to get the narcotics. The court held these statements were admissible as Buckner's admission against interest. Buckner was the owner of the automobile. The claimant was the holder of the defaulted note and chattel mortgage. Again the claimant offered no evidence and the automobile was forfeited.

In both the Dean case and the Gramling case the narcotics were found or delivered in the automobile sought to be forfeited.

None of the cases cited by the government are authority for admission of hearsay evidence to establish probable cause. The affidavits in the instant case are not admissions of the owner nor a statement made in her presence. In United States v. Packard Sedan, D.C.Fla., 23 F.2d 865, at page 867, the government attempted to introduce hearsay evidence and the court said in regard to a statute similar to 19 U.S.C.A. § 1615:

"This section does not, in my opinion, change the rules of evidence, nor does it give probative force to testimony otherwise of no legal effect. It places upon the government the burden of first showing 'probable cause' for the institution of the suit, and this must be by competent evidence, and not by hearsay, suspicions, or guesses."

The elimination of the affidavits leaves nothing to establish probable cause.

Furthermore, in the instant case the claimants did offer evidence which was legal and direct that the automobile had not been used in the transportation of contraband in violation of the statute, nor was there any contraband found in the car.

It must be concluded that under all the evidence the libel must be dismissed and the automobile returned to the claimant. This opinion may stand as findings of fact and conclusions of law. Order may be submitted.