## CARR et al. v. UNITED STATES.
### No. 398.

Circuit Court of Appeals, Second Circuit.
June 20, 1932.

The appellants were tried on an indictment in two counts. They were acquitted under the first count, which charged them with the unlawful importation of intoxicating liquor from Canada contrary to the provisions of section 593 (a) of the Tariff Act of 1922 (19 USCA § 496), and convicted under the second count which charged the violation of section 593 (b) of the Tariff Act of 1922 (19 USCA § 497) by transporting liquor unlawfully imported.

On the evening of March 30, 1930, three customs inspectors stationed themselves beside a highway between Malone and Saranac Lake, New York, at a point near Lake Clear, about forty miles from the Canadian border. They were expecting some cars, but there was no evidence that they were expecting any particular car or had any information concerning any car or cars that would make use of the highway that evening. They had no search warrant. They stood about fifty feet apart. During the time they were there, they stopped five cars in which no contraband was found. They were in uniform. At about half past 11 one of them saw the headlights of a car approaching from the north. He knew nothing about the car, but thought the lights shot up into the air. The automobile came toward him at a speed of from forty-five to fifty miles an hour. He testified that, as it came closer, he noticed the body was sagging down; that the fenders were almost down to the tires; and that the springs were clicking together. He went into the middle of the road where he stood and signaled with his flash-light to the car to stop. It kept right on. The second inspector stationed about fifty feet farther on signaled to the car to stop and when it passed him shot twice at the rear tires. The third inspector blocked the highway with the government patrol car and succeeded where the other two

had failed. The captured car was a Ford automobile in which both of the appellants were riding. Burke had been driving it. Carr owned it.

When the car had been stopped, no liquor was visible, but a search was made which disclosed twelve bags containing bottles labeled Molson's Canadian Ale. The car and contents were seized. The appellants were arrested. Samples of the liquor were found to contain 6.7 per cent. of alcohol by volume.

By adequate motions and exceptions the appellants reserved the legality of the search and seizure for review and the admissibility of the evidence gained thereby which was used to secure their conviction.

Theodore A. Knapp, of Saratoga Springs, N. Y., for appellants.

Oliver D. Burden, U. S. Atty., of Syracuse, N. Y., for the United States.

Before MANTON, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above).

It is plain enough that these officers stationed themselves as they did on the highway that night simply because they thought the time and place afforded good hunting ground. They had no information about this car before they stopped it by force, except what they could gain from seeing it approach and go by two of them at from forty-five to fifty miles an hour with its headlights turned on. It was but little before midnight. What can or cannot be seen of the body and fenders by a man looking at the headlights of a car coming toward him under the circumstances in which this one came need not be discussed, nor whether any clicking heard could reasonably have been ascribed to the action of the springs. We shall consider that the jury found that the inspectors saw and heard exactly what they testified they did. The headlights shot up into the air; the body sagged; the fenders were down close to the wheels; and the springs clicked. This was just a way of saying that the car appeared to be heavily loaded. They did not know whether it was heavily loaded with people, with liquor, or with something else. They were forty miles from the Canadian border. To think that these officers had reasonable cause to believe, simply because the car was heavily loaded and was coming from the direction of Canada, forty miles away, that it contained merchandise unlawfully imported, is so far-fetched that its statement implies its own de-

nial. What they did, no doubt, have reasonable cause to believe was that the car might contain such merchandise. The result of their labors that night would prove this to be so. Out of exactly one-half dozen cars stopped and searched, they found one carrying contraband.

██ But mere possibility that a search will prove fruitful has never been enough to justify the stopping and searching of automobiles indiscriminately on a highway except at international boundaries. Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790. That case had to do with powers of prohibition agents, but the same rule applies with equal reason to customs agents so far from the border that they cannot have a reasonable belief that because an automobile is traveling from the direction of a foreign country it has crossed the international line or contains merchandise unlawfully brought across. We have no occasion to decide how near a car must be to the line to put it in a class apart, or whether or not proximity alone will ever do that, but only to give effect to the self-evident\fact that at a point forty miles from the border the direction in which a heavily loaded car is traveling means nothing, without more, as to whether or not it or any of its contents have come into the country from outside. Evidently the jury recognized this in acquitting the appellants on the first count.

██ Of course, the right to stop and search vehicles whenever and wherever officers for any reason whatever make up their minds the search will be successful would probably be the most effective way to stop the transportation of contraband upon our highways. But the intolerable interference with the affairs of law-abiding citizens which would be entailed by letting officers without a search warrant stop their vehicles on the highway and rummage through their property on suspicion would lead to abuses of the gravest nature. What the late Chief. Justice said in Carroll v. United States, supra, leaves no doubt of the right of persons lawfully within this country to use the highways without being stopped and having their vehicles searched unless officers have reasonable cause to believe that such persons are violating the law. Husty v. United States, 282 U. S. 701, 51 S. Ct. 240, 75 L. Ed. 629, 74 A. L. R. 1407, is to like effect. Where an impartial man of good judgment and discretion would believe from the circumstances that an automobile traveling the highway contained intoxicating liquor unlawfully possessed, an officer may stop

it and search it without a warrant. It is both his right and duty to do so. No one can lawfully avoid the consequences of such a search, and no one should be permitted to. Neither can one lawfully be subjected to a search, illegal because not based on probable cause at its inception, on any theory that the finding of contraband justifies the means employed to find it.

In Commercial Credit Corporation v. United States, 58 F.(2d) 195, we recently considered the forfeiture under the customs laws of an automobile seized while being used in the transportation of unlawfully imported liquor. 19 USCA §§ 1459, 1460, 1593. We held that it could be so forfeited notwithstanding section 26 of title 2 of the National Prohibition Act (27 USCA § 40), but what was said about probable cause for sustaining the suit related to the sufficiency of the evidence to support the direction of a verdict with the burden of proof on the claimant.

Without the evidence erroneously admitted because unlawfully obtained, the government here made no case.

Judgment reversed.