UNITED STATES v. ONE 6–54–B OAKLAND TOURING AUTOMOBILE, MODEL 1925, etc. (SAN FRANCISCO SECURITIES CO. Claimant and Intervener).

(District Court, D. Arizona. November 6, 1925.)

No. L–442.

1. **Customs duties �köö130—Forfeiture of auto for transporting cocaine could be had under existing general statutes, though Drug Act, prohibiting importation, contains no forfeiture provision.**

The forfeiture of an automobile for transporting cocaine, imported unlawfully and without paying duty, could be had under Comp. St. §§ 5763, 5764, 5765, providing for forfeiture of vehicles in like circumstances, despite fact that Drug Act (Comp. St. § 8801), prohibiting importation of cocaine, contained no provision for forfeiture, inasmuch as it was manifest from subsequent passage of Tariff Act (Comp. St. Ann. Supp. 1923, § 5841a), and paragraph 60 thereof, imposing duty on cocaine, that Drug Act was not to be a complete code.

2. **Internal revenue �köö46—Count in proceeding to forfeit automobile for transporting imported cocaine based on statute relating to internal revenue taxes alone, unsupportable.**

In proceeding to forfeit automobile for transporting cocaine, imported unlawfully and without paying duty, count based on Rev. St. § 3450 (Comp. St. § 6352), which relates to internal revenue taxes alone, is unsupportable, inasmuch as there are no internal revenue taxes on imported cocaine; those imposed by Harrison Anti-Narcotic Act (Comp. St. § 6287g) being impliedly repealed by passage of subsequent act (Comp. St. § 8801) prohibiting importation.

3. **Customs duties �köö6—Statute sanctioning activities and incidentally taxing them repealed by subsequent statute prohibiting such activities.**

Statute sanctioning activities and incidentally taxing them is irreconcilable with and repealed throughout by subsequent statute prohibiting activities without any saving clause to perpetuate taxes.

4. **Customs duties �köö133—Conviction of possessors of automobile admissible in libel against car for transporting cocaine, to show "probable cause" for instituting suit.**

In libel to forfeit automobile for transportation of cocaine, imported unlawfully and without paying duty, evidence of prior conviction, for importing and concealing and transporting cocaine, of person in possession of such car, *held* admissible to disclose probable cause for institution of suit, imposing burden of proof on party claiming car as conditional vendor to absolve car and cocaine from culpability under Comp. St. Ann. Supp. 1923, § 5841h35; "probable cause," as used in such statute, importing knowledge of facts and circumstances, including hearsay, sufficient to set in motion a reasonably prudent officer, inspired by motives of good faith and duty.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Probable Cause.]

Forfeiture Libel Proceeding by the United States against one 6–54–B Oakland touring automobile, model 1925, serial No. 41192, motor No. L–42364, new, wherein the San Francisco Securities Company, a corporation, intervened as claimant. Judgment of forfeiture.

John B. Wright, U. S. Atty., of Tucson, Ariz., and George R. Hill, Deputy U. S. Atty., of Phœnix, Ariz.

Alexander & Christy and Hess Seaman, all of Phœnix, Ariz., for intervener.

BOURQUIN, District Judge. This libel invokes forfeiture of the respondent auto, for that in it were deposited, concealed, and transported from place to place in this state and year some 38 grains of cocaine theretofore unlawfully imported into this country and without payment of customs duty. The issues presented are clear and simple, viz.: (1) Whether there is any law warranting forfeiture; and (2) whether the case is proven. [1] Adverting to the first, the general statutes of administration and collection in the matter of imports and duties provide for forfeiture of vehicles in circumstances like to these at bar. See Comp. Stat. §§ 5763, 5764, 5765. Subsequent to these statutes was enacted a special statute, the Drug Act, prohibiting and penalizing any importation of cocaine. See Comp. Stat. § 8801. Claimant contends that the latter is a "complete code," and is not to be extended by the earlier statutes, and that, since in it is no provision for forfeiture of vehicles, there can be none.

That it is not a complete code is sufficiently manifest from the fact that subsequent to it is the Tariff Act of 1922, which imposes upon cocaine, if and "when imported" a duty of $2.60 per ounce. See Comp. St. Ann. Supp. 1923, § 5841a, and paragraph 60 thereof. By the most elementary principles of statutory construction, when customs duty was thus imposed, the existing general statutes aforesaid opened to include the new case thus provided, even as they did to include all other cases or items likewise provided by the tariff act. Moreover, in the Drug Act is nothing indicating congressional intent to favor cocaine over other smuggled or outlawed articles, and in its behalf to set aside the ancient policy of the general statutes in respect to the latter—is nothing that

by implication repeals said general statutes so far as cocaine is concerned.

A like contention to plaintiff's was made in U. S. v. Sischo, 262 U. S. 167, 43 S. Ct. 511, 67 L. Ed. 925, and was rejected by the Supreme Court. The reasoning there is convincing here. Incidentally it is interesting to note that the inclusion of cocaine in the Tariff Act probably was an inadvertence. Paragraph 60 aforesaid provides it shall not impair the Drug Acts of 1909 and 1914 (Comp. St. §§ 8800–8801f). This schedule, enacted in September, 1922, ignores the fact that earlier in the same session, and in May, 1922, the said Drug Act was amended to prohibit importation of cocaine, which theretofore was permitted. Evidently the said schedule was in preparation before said amendment, and was enacted after it, without heed to the intermediate change of status of cocaine importation from lawful to unlawful. Be that as it may, these statutes are consistent, and in legal intent present one more instance of taxes imposed upon unlawful activities, as in the National Prohibition Act. See Comp. St. Ann. Supp. 1923, §§ 10138½v, 10138⅘c.

[2] Plaintiff also counts upon section 3450, Rev. St. (Comp. St. § 6352). This statute relates to internal revenue taxes alone, and there are none on imported cocaine. Those imposed by the Harrison Anti-Narcotic Act (Comp. St. § 6287g) were repealed by the implication of the subsequent Drug Act prohibiting importation.

[3] A statute sanctioning activities and incidentally taxing them is irreconcilable with and is repealed throughout, incidentals as well as principal, by a subsequent statute prohibiting such activities and without any saving clause to perpetuate taxes. Of this rule of construction, also, the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) is an illustration.

[4] In respect to the evidence, it is that federal officers, observing one Thompson sell a capsule of cocaine to their aid, arrested Thompson, in the near-by auto-respondent discovered his wife, half concealed between seat back and cushion found a plain cardboard box containing 19 two-grain like capsules filled with cocaine, and in the Thompsons' near-by home found other like capsules. The auto was seized. At that time, the title to the auto was in claimant; the Thompsons having possession as conditional vendees, though in default in the matter of part of an installment of the purchase price.

Thereafter, but prior to this libel and in this court, the Thompsons were indicted, convicted, and sentenced for having imported and thereafter concealed and transported the cocaine. In these proceedings, this criminal record is pleaded in claimant's answer, and was received in evidence over claimant's objection. If it be granted that this record, including judgments to which claimant is not a party, is incompetent in respect to the merits of the case, it is competent to disclose that probable cause for institution of the suit which imposes the burden of proof upon claimant to absolve cocaine and auto from culpability. See Comp. St. Ann. Supp. 1923, § 5841h35.

As in any case of arrest or seizure, in this statute the term "probable cause" imports knowledge of facts and circumstances, which may include hearsay, sufficient to set in motion a reasonably prudent officer, inspired by motives of good faith and duty. "It imports," says Marshall, C. J., in Locke v. U. S., 7 Cranch, 348, 3 L. Ed. 364, "a seizure made under circumstances which warrant suspicion." Not a prima facie case sufficient for a jury or to condemn, for that, continues the Chief Justice, "would render the provision totally inoperative." That burden the claimant has failed to sustain.

It may be that in the nature of things it could not, and that in application to it the statutes afford a harsh and even unnecessary remedy. That might appeal to Congress before seizure, but cannot to the courts after seizure. In fact, Congress has provided a large measure of relief to claimants without serious fault, but claimant, instead of pursuing it, preferred to litigate. See Comp. St. Ann. Supp. 1923, § 5841h38. If the case involved no more than the evaded duty of some 20 cents, de minimis non curat lex would apply. But in addition is the public policy, which forbids importation of and subsequent dealings with cocaine and the evils consequent upon this policy's violation.

Parenthetically it may be observed that, grave as are the abuses of narcotic drugs, they afford no warrant for the downright silly excesses of propaganda otherwise legitimate (therein so reminiscent of the late war), no warrant for too common invasion of state duty and power by federal authority, as is done by the Harrison Anti-Narcotic Drugs Act in the hypocritical guise of a revenue measure, no warrant for years of imprisonment visited upon miserable wretches, whose only federal offense is, in essence, failure to pay the trifling tax by said act imposed. However, whatever be the hard-

ships, if any, to claimant in the instant suit, plaintiff's right to the forfeiture is clear, and must be upheld. See Goldsmith's Case, 254 U. S. 505, 41 S. Ct. 189, 65 L. Ed. 376.

Judgment accordingly.