## THE 237–G.

## VINCENT v. UNITED STATES.

Circuit Court of Appeals, First Circuit. May 17, 1927.

No. 2097.

1. **Customs duties** ⬚133(6)—**Evidence held to justify finding of probable cause for forfeiture, requiring claimant to prove boat's innocence of unloading alcohol at night without license** (Tariff Act 1922, § 615 [Comp. St. § 5841h35]).

Evidence *held* sufficient to justify finding of probable cause, within Tariff Act 1922, § 615 (Comp. St. § 5841h35), for bringing libel to forfeit motorboat for unloading alcohol at night without special license, so as to require claimant to prove that boat was not guilty of charges preferred.

2. **Customs duties** ⬚133(6)—**Evidence held to warrant findings justifying forfeiture of boat for unloading alcohol at night without special license** (Tariff Act 1922, §§ 450, 453 [Comp. St. §§ 5841e19, 5841e22]).

Evidence *held* to warrant findings justifying forfeiture of motorboat, under Tariff Act 1922, §§ 450, 453 (Comp. St. §§ 5841e19, 5841e22), for unloading alcohol at night without special license.

In Error to the District Court of the United States for the District of Massachusetts; James Arnold Lowell, Judge.

Libel in admiralty by the United States to forfeit the motorboat 237–G; Louis Vincent, claimant. Decree of forfeiture, and claimant brings error. Affirmed.

Essex S. Abbott, of Boston, Mass. (Joseph V. Carroll, of Boston, Mass., on the brief), for plaintiff in error.

Ellen L. Buckley, Asst. U. S. Atty., of Boston, Mass. (Frederick H. Tarr, U. S. Atty., of Gloucester, Mass., on the brief), for the United States.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is a libel in admiralty for the forfeiture of motorboat 237–G, brought under sections 450 and 453, chapter 356 (42 Stat. 954), of the Tariff Act of 1922 (Comp. St. §§ 5841e–19, 5841e—22). In the libel it was alleged that one Hammond, chief boatswain's mate of the United States Coast Guard picket boat No. 2338, duly authorized, on the 28th day of April, 1926, seized the vessel in Boston Harbor, as forfeited to the United States; that he delivered the vessel to the collector of customs at Boston, where she still remains; that the vessel is a speed boat, 40 feet long, 9 feet beam, equipped with engines of 300

horse power; that the owner of the vessel was one Rice, of Providence, R. I.; that on the 28th of April, 1926, said vessel brought into the district of Massachusetts, at Gun Rock Cove, Nantasket, a large cargo of merchandise, to wit, alcohol, "which said merchandise was then and there arriving within the United States and within the collection district of Massachusetts from a foreign port or place to your libelant unknown, and said merchandise was at night on said 28th day of April—that is to say, at about 2:30 o'clock in the morning of said day—at said Gun Rock Cove, Nantasket, Hull, unlawfully unladed from said vessel without a special license to unlade merchandise granted by the collector of customs for the said collection district of Massachusetts; that said merchandise so unlawfully unladed as aforesaid was of a value of more than $500; that said unlading was not made necessary because of accident, stress of weather, or other necessity, [but] in violation of the laws of the United States," etc.

Louis Vincent appeared and filed a claim, in which he set out that he was the owner of the motorboat. He also filed an answer, in which he denied that the vessel at any time had on board alcohol, or did unlade, as alleged in the libel.

After hearing, the District Court entered a decree of forfeiture, and the claimant prosecuted this writ of error.

We regard this case before us as on appeal. 39 Stat. c. 448, § 4, p. 727 (Comp. St. § 1649a).

The sections of the Tariff Act under which the libel is brought read as follows:

"Sec. 450. No merchandise, * * * arriving in the United States from any foreign port or place, * * * shall be unladen from the carrying vessel · * * * at night, except under special license granted by the collector under such regulations as the Secretary of the Treasury may prescribe."

"Sec. 453. If any merchandise * * * is * * * unladen from, any vessel * * * without a special license or permit therefor issued by the collector, the master of such vessel * * * and every other person who knowingly is concerned, or who aids therein, or in removing or otherwise securing such merchandise, * * * shall each be liable to a penalty equal to the value of the merchandise * * * so * * * unladen, and such merchandise * * * shall be subject to forfeiture, and if the value thereof is $500 or more, the vessel * * * from which the same shall be * * * unladen shall be subject to forfeiture."

"Sec. 615. In all suits or actions brought for the forfeiture of any vessel, * * * seized under the provisions of any law relating to the collection of duties on imports or tonnage, where the property is claimed by any person, the burden of proof shall lie upon such claimant: * * * Provided, that probable cause shall be first shown for the institution of such suit or action, to be judged of by the court." (Comp. St. § 5841h35.)

The evidence in this case was submitted by the government. The claimant offered no proof to substantiate his claim of ownership, and no proof that the vessel was innocent of the acts charged against her in the libel.

The government's evidence tended to prove the following facts: That Hammond, chief boatswain's mate of the United States Coast Guard in charge of picket boat 2338, on August 28, 1926, at about 12 o'clock noon, seized the motorboat in Boston Harbor; that he first saw the boat on that day at 3 o'clock in the morning, at a point about 500 feet from the shore at Gun Rock Cove, just south of Nantasket Beach; that she was proceeding slowly without lights, being at the time about 500 feet from the beach; that she was then coming directly from the position on the beach where he afterwards found cases of alcohol; that the weather was clear and moonlight; that he observed no other boats in the vicinity; that he signaled the vessel to stop; that he boarded and searched her, and found her hull "was damp with alcohol, just as though it had been poured on there," and that she smelled strongly of alcohol; that as he went forward on her the boat's machinist said that he was "too late," that her load was delivered; that he then left the vessel and proceeded to the beach; that as he left the vessel three dories were observed on the beach at the water's edge; that he and one Grace went ashore in a dory, leaving his brother in charge of the picket boat; that he directed Grace to take charge of the three dories; that he proceeded behind the breakwater, where he saw 15 or 20 men loading cases of alcohol into an automobile; that as he jumped down from the breakwater the men ran away; that he went to the machine and started to open the door, and saw two men jump out on the other side, one of whom he later identified as a man named Eaton; that there were broken cases of alcohol on the beach and on the breakwater; that the three dories had 5 or 6 cases on each one of them; that the automobile had 7 cases of alcohol in the back of it; that the cases of alcohol that were on the beach they loaded upon the three dories, making 43 cases on them in all; that he later turned over the au-

tomobile and alcohol to the collector of customs; that some of the cases of alcohol which they took from the beach to the dories were leaking; that they leaked all over him and soaked the dories. There was also testimony that the alcohol in the 43 packages was foreign alcohol, and some of the packages were put in evidence; that the motorboat 237–G had no license to unload at night; that no permit had been issued to any one connected with the motorboat or to the owners of the cargo to unlade at night; and that the value of the alcohol seized was $546.

[1, 2] We are not only of the opinion that the evidence was sufficient to justify the District Court in finding probable cause for the bringing of the libel (section 615), such as would require the claimant to assume the burden of proof and show that the motorboat was not guilty of the charges preferred against her (Locke v. United States, 7 Cranch, 339, 3 L. Ed. 364. The Squanto [C. C. A.] 13 F.[2d] 548; The Thompson, 3 Wall. [70 U. S.] 155, 18 L. Ed. 55), which he failed to do; but that, independently of the provisions of section 615, imposing the burden of proof upon the claimant, we think the evidence introduced by the government warranted findings justifying a forfeiture of the vessel under sections 450 and 453, above quoted; and that this is true without taking into consideration the testimony of the witnesses, Hammond and Finnegan, in the particulars wherein it was excepted to and assigned as error.

The decree of the District Court is affirmed, with costs.