## UNITED STATES v. ONE GARDNER ROADSTER et al.

District Court, W. D. Washington, N. D. November 12, 1929.

No. 12897.

Anthony Savage, U. S. Dist. Atty., and Tom De Wolfe, Asst. U. S. Dist. Atty., both of Seattle, Wash.

John P. Lycette, of Seattle, Wash., for claimant.

BOURQUIN, District Judge. The libel charges that the respondent was seized when therein was "possessed, deposited, concealed, received and transported" some 13 grains of morphine which had been unlawfully imported without permit and payment of customs duties, "and with intent to evade the payment of said duties and to defraud the revenue of the United States."

The claimant denies generally, and alleges it is the owner by virtue of the usual conditional sale to one Kenworthy who was in possession of the auto when seized.

The evidence is that police, having probable cause to believe Kenworthy was illicitly dealing in narcotics, in Seattle's streets about midnight halted and searched him and the auto aforesaid, which he was driving, and found 15 grains of morphine in an unstamped package in his pocket. They arrested him and seized auto and morphine, and five days later the customs officer took possession of both in adoption of the seizure.

Kenworthy was indicted (1) for unlawfully purchasing the morphine without written order and not from the original stamped package, and (2) for likewise buying, receiving, and concealing it with knowledge it had been unlawfully imported. He pleaded guilty.

If, as claimant urges, Kenworthy's constitutional rights were infringed by arrest and search without a warrant, claimant's were not. Moreover, (1) the police had probable cause, and (2) arrest and search at night of suspicious prowlers about city streets by police without paper warrants is necessary, not unreasonable, and valid at that common law in the light of which the Constitution was framed and is construed. See 5 Cor. Jur. 403; 2 A. & E. Encyc. Law, (2) 881, and citations.

The main contention is that the morphine, not being in the auto other than in the pocket of Kenworthy driving it, forfeiture is avoided by the rule of U. S. v. One Chevrolet Coach (D. C.) 25 F.(2d) 917, U. S. v. One 1920 Premier Automobile (C. C. A.) 297 F. 1007, and U. S. v. One Ford Automobile Truck (D. C.) 286 F. 204. The second and third of said cases involve section 3450, Rev. St. (26 USCA §§ 1181, 1182), and hold that cocaine upon the person of the driver of an auto does not invoke said section and forfeiture of the car, in absence of evidence that the cocaine was being "removed" from some particular place of statutory deposit; and the first of said cases, like this at bar, involves sections 3061, 3062, Rev. St. (19 USCA §§ 482, 483), and holds that in like circumstances

the car is not the offender, citing the second and third cases aforesaid.

Sections 3061 and 3062 are quite different from section 3450, and the cases aforesaid involving the latter need no comment here.

Section 3061 provides for search of vehicles, beasts, or persons suspected of having on them merchandise subject to duty or in any manner imported contrary to law, "whether by the person in possession or charge, or by, in, or upon such vehicle, beast, or otherwise;" and, if any such merchandise be found "on or about any such vehicle, beast, or person," the same shall be seized.

Section 3062 provides "every such vehicle and beast * * * shall be subject to seizure and forfeiture."

It seems clear that, within the purview of these statutes, a contraband article is "on," "in," or "about" the beast or vehicle, whether in direct contact with it or indirectly by reason of intervention of container or person, at least when the intervening person is driver of beast or vehicle.

Why a vehicle should be guilty of contraband incased in one or several containers by it transported, and not guilty when in the pocket of a person by it transported, is difficult to perceive. In both, the auto is instrumental in violation of law, is doing the thing which the law forbids, and is equally within the reason for forfeiture. In the latter as in the former, the auto offends by reason of the acts of some person; for, after all, though in forfeiture the auto is the primary offender, it is so only by legal fiction for convenience and in the stead of the offending person, who may be unknown.

"Goods, as goods, cannot offend, forfeit, unlade, pay duties, or the like, but men whose goods they are." Boyd v. U. S., 116 U. S. 637, 6 S. Ct. 524, 536, 29 L. Ed. 746.

The morphine was by statute prohibited from importation, was presumptively imported, was subject to duties, the burden on claimant to absolve it, and the auto from culpability, even as in U. S. v. One 6—54.—B Oakland Touring Automobile, Model 1925 (D. C.) 9 F.(2d) 635, and in which claimant has failed.

Judgment accordingly.