## UNITED STATES v. ONE NASH COUPÉ.

### No. 38528.

District Court, N. D. Illinois, E. D.
Oct. 17, 1930.

George E. Q. Johnson, of Chicago, Ill., for the United States.

John B. Boddie, of Chicago, Ill., for claimant.

ALSCHULER, sitting as District Judge.

The facts and the issues are fairly and sufficiently stated in the brief of counsel for the government, from which it appears that the claimant herein, Roberts, was indicted and convicted in the district court, and sentenced to eighteen months' imprisonment in the penitentiary, for unlawfully dealing in morphine hydrochloride.

Upon the contention that this same drug had been unlawfully introduced into the United States without payment of the customs tax imposed thereon, and that it had been transported in an automobile, an information of libel was filed to forfeit the automobile to the government, as provided in Rev. St. §§ 3061 and 3062 (U. S. Code, tit. 19, §§ 482 and 483, 19 USCA §§ 482, 483).

As stated in the brief, "the Government put on testimony which established, (1) that the morphine hydrochloride was seized from the defendant, Arthur Roberts; (2) that the drug complained of was transported several blocks in the automobile on the front seat near Roberts, who was operating the automobile; (3) that the morphine hydrochloride was not in the original package; (4) that it was not marked as duty paid."

It is further stated that "at the close of the Government's case the defendant made a motion for a finding on his behalf. The Government contends that the automobile should and ought to be forfeited for the reason that the Government has made a prima facie case which has not been rebutted or explained away by the defendant."

The controlling question is whether the evidence warrants the conclusion that the drug which Roberts transported in his automobile was imported into the United States, or, if imported, that the customs duty thereon had not been paid.

To sustain its contention that a prima facie case was made, the government relies on the presumption created by U. S. Code, tit. 21, § 174. This section is a part of the "Food and Drug Act," and reads:

"If any person fraudulently or knowingly imports or brings any narcotic drug into the United States or any territory under its control or jurisdiction, contrary to law, or assists in so doing or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported contrary to law, such person shall upon conviction be fined not more than $5,000 and imprisoned for not more than ten years. Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury."

■ The section makes no provision for forfeiture of vehicles, and sections 3061 and 3062, Rev. St., under which the forfeiture is sought, contain no provision respecting a presumption arising from the possession of drugs. The presumption created by section 174 by its very terms is limited in its application to proceedings under that section, and, in my judgment, may not by implication be extended beyond the section to which by its specific terms it is limited, and cannot be imported into the sections under which this forfeiture is sought.

Had the charge been the employment of the vehicle for the purpose of evading the payment of import duties on lace handkerchiefs, soaps, or diamonds, it could scarcely be contended that the presumption created by section 174 could be invoked to sustain the forfeiture, and that the right to forfeiture was established if merely possession and transportation of these articles had been shown. The fact that the possession and transportation was of narcotic drugs rather than of such articles will not raise the presumption in a proceeding under sections 3061 and 3062, Rev. St.

■■ Apart from the statutory presumption created by section 174, for the purpose of that section alone, there is nothing in the evidence to indicate that the narcotic drug here in question was imported, or, if imported, that the lawful customs duties thereon were not paid. From the fact alone of possession and transportation of narcotic drugs, the presumption that they were smuggled into the country without payment of duty may not be made for the purpose of forfeiting a vehicle wherein they were carried while in the country. For anything appearing to the contrary, the transported drugs may not have been imported, or, if imported, may have been duty paid. Unlike proceedings under section 174, the possessor of such drugs is not obligated to show that his possession is lawful in order to prevent forfeiture of a vehicle in which they have been carried.

For want of evidence to show the unlawful bringing in of the drugs in question, and the evasion of customs duties, I am of the opinion that the claimant herein must prevail, and an order accordingly will be made.