**COMMERCIAL CREDIT CORPORATION v. UNITED STATES.**

No. 333.

Circuit Court of Appeals, Second Circuit.

May 2, 1932.

Dills, Muecke & Schelker, of New York City, and Ralph E. Comstock, of Albany, N. Y. (Duane R. Dills and M. G. Golden, both of New York City, of counsel), for appellant.

Oliver D. Burden, U. S. Atty., of Syracuse, N. Y. (B. Fitch Tompkins, Asst. U. S. Atty., of Syracuse, N. Y., of counsel), for the United States.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

Wilfred Racine was arrested on March 2, 1931, while engaged in operating an automobile which he possessed under a contract of conditional sale. He was driving from Canada and it was discovered that he was transporting quantities of wine and ale. After his apprehension by customs inspectors because of a violation of section 593 (a) of the Tariff Act of 1930 (19 USCA § 1593 (a), a libel of forfeiture was filed June 1, 1931, by the appellee against the motor car. The appellant appeared as owner and contested the right of seizure. The court below directed a verdict for the forfeiture of the car, pursuant to the provisions of the customs laws (sections 459, 460, 593, of the Tariff Act of 1930 [19 USCA §§ 1459, 1460, 1593]).

On this appeal it is claimed that it was mandatory to proceed under section 26 of title 2 of the National Prohibition Act (27 USCA § 40), and that the motor vehicle could not be seized and condemned under the provisions of the customs laws. It is urged that, under the authority of what is said in Richbourg Motor Co. v. United States, 281 U. S. 528, 50 S. Ct. 385, 74 L. Ed. 1016, 73 A. L. R. 1081, the arrest of Racine and sei-

zure of the vehicle was for violation of the National Prohibition Act; that is, unlawful transportation of liquor. The Richbourg Case held that where liquor was seized in a vehicle engaged in transporting it, the vehicle could only be forfeited by proceedings under section 26 of title 2 of the National Prohibition Act. The reason was stated to be that this section imposes a duty upon prohibition officers to arrest any person discovered in the act of transportation and to seize the transporting vehicle, and this required the government to proceed for forfeiture. It was said a general duty of investigating and reporting violations of section 3, title 2 (27 USCA § 12), as well as other sections of the National Prohibition Act, to the United States attorney, rested on all prohibition officers, and that under sections 2 and 29, title 2 (27 USCA §§ 11, 46), this duty was mandatory. The court did not have before it the question whether the importation of liquor into this country was a violation of the customs law, and, if so, whether there was a duty to forfeit the vehicle under the provisions of that law. The customs officers acted lawfully here. (Act of March 3, 1927, c. 348, 5 USCA § 281). Their duties are separate and distinct from those of the prohibition officers and they are mandatory duties. By the Act of May 27, 1930, c. 342, 46 Stat. 430, the Bureau of Prohibition was transferred to the Department of Justice and there was carried to that department the obligations of the enforcement officers. Where an act committed is a violation of more than one law, it is proper for the government, acting through its attorney, to elect under which law it will proceed. United States v. One Ford Coupe, 272 U. S. 321, 41 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025. The right, however, of prohibition officers to secure the forfeiture of a vehicle illegally transporting liquor is limited by section 26, title 2 (27 USCA § 40), which makes it dependent upon the conviction of the person arrested at the time of the seizure. The Richbourg Case pointed out the duty of prohibition officers to arrest for violation of the law where a described violation involved transportation. Section 581 of the Tariff Act (19 USCA § 1581) is also mandatory as to customs officers. It provides: " * * * if it shall appear that any breach or violation of the laws of the United States has been committed * * * it shall be the duty of such officer to make seizure of the same, and to arrest, or, in case of escape or attempted escape, to pursue and arrest any person engaged in such breach or violation."

Section 459 of the Tariff Act of 1930 (19 USCA § 1459) provided, among other things as follows: "If any merchandise or baggage is unladen or discharged from any * * * vehicle without a permit therefor, the same, together with the * * * vehicle in which imported, shall be subject to forfeiture."

Thus when Racine was detected violating the Tariff Act, it became their duty to make seizure and arrest him and report the violation to the collector (section 502 of the Tariff Act [19 USCA § 1502]), and the latter's duty to report it to the United States attorney section 603 (section 1603). It was then the duty of the United States attorney, if it appeared probable that any fine or penalty had been incurred, to commence proper proceedings. Section 604 (section 1604). When Racine was arrested and the car seized, it was reported to the United States attorney for forfeiture, and it appearing that there was probable cause for his action, he so proceeded.

In 1930, Congress provided (paragraph 804, § 1, Tariff Act of 1930 [19 USCA § 1001, par. 804]) for a duty of $1.25 a gallon on still wines, a duty of $1 a gallon on ale (paragraph 805), and duties on the bottles and jugs as well as contents (paragraph 810). By paragraph 814, it is provided that no wines or other liquors having one-half of one per cent. or more of alcohol shall be imported without permit, and that they shall be seized and forfeited in the same manner as for other violation of the customs laws. Therefore, customs officers, in fulfillment of their duties, were required to proceed; the collector was bound to request the United States attorney to file a libel asking that the automobile be condemned and forfeited to the United States for the causes of forfeiture under the customs laws as set forth in this libel and as established at the trial.

We held in The Sebastopol and The Ruth Mildred, decided March 2, 1932 (C. C. A.) 56 F.(2d) 590, that there was no conflict between section 26, title 2, of the National Prohibition Act (27 USCA § 40), which provides for forfeiture of a vehicle transporting liquor, and section 594 of the Tariff Act of 1922 (19 USCA § 498), providing the vehicle was liable for penalties imposed upon its owner, conductor, or driver.

There was probable cause for sustaining this suit. Section 615 of the Tariff Act of

1930 (19 USCA § 1615); Feathers v. United States, 267 F. 964 (C. C. A. 2); The Rosalie M, 12 F.(2d) 970 (C. C. A. 5); United States v. Blackwood, 47 F.(2d) 849 (C. C. A. 1). The agents saw the loaded car traveling at high speed, coming from Canada along a well-known highway. The side roads were blocked by snow, and the driver of the car admitted that it was loaded with liquor and that he came across the boundary line from Canada. With the burden of proof on the claimant, this evidence was sufficient. The Rosalie M, supra. The court properly directed a verdict. United States ex rel. Scharlon v. Pulver, 54 F.(2d) 261 (C. C. A. 2).

Decree affirmed.