**UNITED STATES v. ONE OLDSMOBILE CLUB COUPE, 1939 MODEL, ENGINE NO. G–51548, SERIAL NO. G–331506.**

No. 3987.

District Court, D. Connecticut

June 21, 1940.

Robert P. Butler, U. S. Atty., and Valentine J. Sacco, Asst. U. S. Atty., both of Hartford, Conn., for plaintiff.

William J. Galvin, Jr., of Hartford, Conn., for defendant.

HINCKS, District Judge.

By this libel the Government seeks to condemn an automobile used by one Caristi for the transportation of 200 grains of heroin hydrochloride in a package not containing any revenue or customs stamps thereon. The claimant is a finance company which prior to the seizure of the automobile was a bona fide holder in due course of a note secured by a conditional bill of sale on said automobile, by virtue of which it now holds title to said automobile subject to the rights, if any, of the libellant herein. The allegations of the libel were denied by the claimant and the case was submitted upon an agreed statement of facts, supplemented by proof that following the seizure Caristi was convicted of dealing in the narcotics which were transported in the libelled automobile. The agreed statement, supplemented by the fact of Caristi's conviction as aforesaid, I accept as my finding of facts herein.

The basic statute of forfeiture upon which the Government relies is 19 U. S. C. A. § 483. Under this sweeping statute the Government, to prevail, must prove the use of the libelled automobile for (1) the transportation (2) of merchandise (in this case, heroin hydrochloride) (3) un-

lawfully introduced into the United States. Here it was agreed that the automobile had been used for the transportation of heroin hydrochloride. The only question is whether there is proof that the drug was "unlawfully introduced into the United States."

On this point the stipulation gives us little help. It is agreed that "heroin hydrochloride" is a distinct and different substance from "diacetyl morphine" commonly known as "heroin". And it is agreed that the only drug found in the automobile was of the hydrochloride variety and contained in packages without revenue or customs stamps. I infer that the incriminating package was also free from marks, etc., indicating a foreign origin since the stipulation is wholly silent on that score.

The Government, in lieu of evidence tending to show importation, relies upon 19 U. S. C. A. § 1615, contending that by this statute the burden of proof has shifted to the claimant who, to establish the innocence of the automobile, must prove that the heroin was not imported. Prior to its amendment in 1935, the statute (46 Stat. 757) provided as now for a shift in the burden of proof to the claimant "provided, that probable cause shall be first shown for the institution of such suit or action, to be judged of by the court". The only effect of the 1935 amendment, now material, was to add to the proviso the words "subject to the following rules of proof" and the descriptive enumeration of three such rules. Of these three rules the Government here relies solely upon the second viz., "marks, labels, brands, or stamps, indicative of foreign origin, upon or accompanying merchandise or containers of merchandise, shall be prima facie evidence of the foreign origin of such merchandise."

Since here there is no evidence whatsoever of marks, etc., indicative of foreign origin, the case must stand precisely as though the 1935 amendment had not been enacted, and the only question is whether the Government has shown probable cause for the institution of the libel.

■ I do not overlook the fact that certain cases apparently construe the proviso to require only a showing of probable cause for the seizure. Cf. United States v. One 1937 Hudson, D. C., 21 F.Supp. 600, at page 605; In re Ford Sedan, D. C., 26 F.Supp. 146, at page 147. But if such decisions mean that the bare facts which would justify a seizure under the Internal Revenue laws are sufficient to shift the burden of proof in an action of forfeiture under the Customs laws, I must disagree. Such a loose construction would disregard the plain mandate that the burden shall shift only upon a showing of probable cause for the institution of the action for a forfeiture. The distinction is important. For a seizure might properly be made under the Liquor Enforcement Act of 1936, 27 U. S. C. A. § 221 et seq., or under 26 U. S. C. A. Internal Revenue Code, § 3321, without any showing of probable cause that the contraband involved had been illegally imported in violation of the customs laws. But 19 U. S. C. A. § 1615 is a statute applying only to seizures and forfeitures under the customs laws. Its proviso must be construed as requiring a showing of probable cause for seizure and forfeiture under the customs laws, including probable cause for the belief that the merchandise involved was imported.

This view is in accord with the case of Locke v. United States, 7 Cranch 339, 3 L.Ed. 364, cited in the opinion on United States v. One 1937 Hudson, supra. This was a case of condemnation under the "collection" law following a seizure under the collection law. There Chief Justice Marshall observed that probable cause under a statute closely resembling Section 1615 "means less than evidence which would justify condemnation; and, in all cases of seizure, has a fixed and well known meaning. It imports a seizure made under circumstances which warrant suspicion." The context shows clearly that there the burden of proof had shifted to the claimant because the circumstances warranted suspicion that all the facts essential to a condemnation were present. Indeed, the Chief Justice remarked "It is proved incontestably that the goods are of foreign manufacture and consequently have been imported into the United States". The only open question there was whether they had landed without a permit. As to this, the Government had proved relevant facts so suspicious that it was held that the burden of proof had shifted to the claimant.

■ Here the absence of evidence of importation brings the case within the rule of United States v. One Nash Coupe, D. C., 47 F.2d 249, and United States v. One Studebaker Roadster, D. C., 40 F.2d 557.

For there is no evidence here from which I can find probable cause for a belief that the heroin hydrochloride seized had been imported. The fact that the containers were unstamped makes it appear probable that a violation of the Narcotic laws was involved. The fact of Caristi's conviction under the Narcotic laws, even if admissible—which I doubt—is not ground for inference that the seized narcotics in which he dealt had been imported without payment of duty. Even if I could take judicial notice of the fact that heroin or morphine in the hydrochloride form is made from opium and that no opium is produced in this country (Cf. United States v. Jin Fuey Moy, 241 U. S. 394, 36 S.Ct. 658, 60 L.Ed. 1061, Ann.Cas. 1917D, 854) there is no ground for inference that the opium here involved was not lawfully imported; its subsequent conversion into heroin, even though illegal, still would not show illegal importation.

Copperthwaite v. United States, 6 Cir., 37 F.2d 846, is not inconsistent with this view. The court there held only that the presumption of importation, etc., arising from possession, created by 21 U. S. C.A. § 174, was not so unreasonable as to make that statute unconstitutional. Perhaps by the same token Congress, if it had deemed it wise, could have written into 19 U. S. C. A. § 1615 a presumption that the presence of unstamped heroin in an automobile should be proof of illegal importation. But the fact is that Congress has not done so. Even in 1935, some five years after the decision in United States v. One Nash Coupe, supra, when Congress came to amend the proviso of 19 U. S. C. A. § 1615 by creating limited presumptions, it stopped far short of the sweeping presumption for which the Government here contends.

It must not be forgotten that Congress has carefully provided for the judicial remission of forfeitures under the Internal Revenue laws in favor of innocent parties, 27 U. S. C. A. § 40a. So far as I know, the customs laws contain no such mitigating provision; forfeitures thereunder are harsh, especially as against an innocent owner or lienor. These considerations somewhat confirm my view that the presumptions in the Section 1615, 19 U. S. C. A., should be held strictly within the limits of the language that Congress has used.

I thus come to the conclusion of law that for total lack of evidence that the narcotics here involved had been unlawfully introduced into the United States, the libel herein should be dismissed.

The Clerk will enter a decree accordingly.