## UNITED STATES v. ONE 1941 BUICK CONVERTIBLE COUPE, MOTOR NO. A4259030.

### Civil Action No. 370.

District Court, W. D. Texas, El Paso Division.

July 25, 1945.

Holvey Williams and Harold L. Sims, Asst. U. S. Attys., both of El Paso, Tex., for plaintiff.

Fryer & Milstead, of El Paso, Tex., for claimant.

BOYNTON, District Judge.

This is an action and proceeding in nature of one 1941 Buick Convertible Coupe, of America for condemnation and forfeiture of one 1941 Buick convertible Coupe, Motor No. A4259030, an action in rem; because of alleged exportation, or attempted exportation, of such automobile without Federal license, in violation of the provisions of Section 6 of the Act of July 2, 1940, being Section 701, 50 U.S.C.A.Appendix, as amended June 30, 1942, by Public Law 638, 77th Congress, Chapter 461, Second Session, and the Proclamations, Executive Orders and Regulations made pursuant thereto. Fay Anders appearing and filing answer herein, as alleged owner and claimant of such automobile.

While the Judge of this Court is entirely conscious of the fact able counsel, jurists and members of the Appellate Courts may differ as to correctness of the Court's ruling, legality of same, as a legal proposition, the Court is of opinion, and here so holds, the testimony of the Government witnesses Robert R. Delgado and A. P. Cummings, Customs Inspectors, as to statements made by Raul Rodriguez, the driver in possession and control of the automobile in question at time of its exportation, or attempted exportation, from the United States of America into the Republic of the United States of Mexico, without proper permit or license issued authorizing exportation of such vehicle, under and in accordance with provisions and requirements of Section 6 of the Act of July 2, 1940, being Section 701, 50 U.S.C.A. Appendix, as amended June 30, 1942, by Public Law 638, 77th Congress, Chapter 461, Second Session, and the Proclamations, Executive Orders and Regulations

[4] 8 U.S.C.A. § 711.

made pursuant thereto; to be admissible under Admiralty law as to admissibility of evidence, and to create a presumption of agency on the part of Raul Rodriguez—then in possession, control and operation of such automobile. Section 405, 22 U.S. C.A., providing that in proceedings of this character, libel cases, provided for in Section 404 of 22 U.S.C.A., "shall conform, as near as may be, to the proceedings in admiralty * * *," which is different from that of the common law rule as to admissibility of evidence, viz., hearsay testimony. Such testimony showing probable cause for seizure of such automobile and a prima facie case on behalf of the Government.

■ Such presumption of agency, however, is subject to rebuttal, or to be overcome, by testimony offered on behalf of claimant. From the testimony of Fay Anders, shown by the uncontroverted testimony to be vested with title and the lawful owner of said automobile in question, and Miss Earl Lee Underwood,—who as agent of Anders drove such automobile to El Paso to be there advertised and sold under certain express restrictions and instructions, without the knowledge or intention such automobile should be exported or taken to Mexico, by said Rodriguez, or any one else, or consent to possession of same by said Rodriguez, as testified to by the witnesses Anders and Underwood, which testimony is uncontroverted; the Court finds claimant, Fay Anders, to be the owner of such automobile, and neither he or the witness Underwood to have given possession of such automobile to Raul Rodriguez, or consented to his possession or control over same, and Raul Rodriguez to be a controverter of possession of such automobile in the exportation, or attempted exportation, of same to Mexico, without any consent, knowledge or intention on the part of Fay Anders, claimant herein, or witness Underwood.

According to the testimony of witnesses for plaintiff, Government witnesses, Delgado and Cummings, Customs Inspectors, as to statements made by Paul Rodriguez at the time he was stopped at the United States end of the International bridge, in his attempted exportation, and interrogated by such witnesses; said Raul Rodriguez first said that he was the owner of the automobile in question, and later denied that he was the owner of such automobile, saying that he had borrowed same from a friend in El Paso, that he did not know the name of such friend, and was taking the automobile to Juarez to get an estimate as to the amount of needed repairs on same. Then still later said Raul Rodriguez stated, according to the testimony of such Government witnesses, that he knew a man by the name of Joe Hall in El Paso, and said Hall had informed him a few days before that he, Hall, would have for sale an automobile, and that a day or two later some ladies drove up to Hall's place of business and left such automobile with Hall and turned over the keys to same to Hall and Rodriguez. Rodriguez stated the car was to be sold for $1,650. Neither said Raul Rodriguez or Joe Hall were offered as witnesses or testified on trial of the case.

### Conclusion.

Judgment will therefore be entered herein ordering release of such automobile by the Government, and directing delivery of possession of same to the claimant, Fay Anders, on payment of costs. Draft of such decree and judgment may be prepared by counsel for claimant, and also more detailed and specific Findings of Fact and Conclusions of Law, and submitted the Court for consideration in preparation of final Findings of Fact and Conclusions of Law to be filed by the Court herein in accordance with Rule 52, New Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.*

* See: United States v. Almeida, 1 Cir., 9 F.2d 15; The W. Talbot Dodge, D.C., 15 F.2d 459, 460; United States v. One Reo Speed Wagon, D.C., 5 F.2d 372.