215 F.2d 482
 UNITED STATES of America, Appellant,
v.
ONE 1950 CHEVROLET 4-DOOR SEDAN, Motor No. HAA 181614, Appellee.
 No. 4823.
 United States Court of Appeals, Tenth Circuit.
 Aug. 20, 1954.
 
 A. Pratt Kesler, U.S. Atty., Salt Lake City, Utah, for appellant.
 Chris T. Praggastis, Salt Lake City, Utah, for appellee.
 Before PHILLIPS, Chief Judge, PICKETT, Circuit Judge, and SAVAGE, District Judge.
 PICKETT, Circuit Judge.
 
 
 1
 The United States seized and sought the forfeiture of a 1950 Chevrolet automobile under the provisions of 49 U.S.C.A. §§ 781 and 782, on the ground that it had been used in the transportation and sale of marihuana. This is an appeal from a judgment denying the forfeiture and directing the release of the automobile to the owner.
 
 
 2
 The evidence of the United States in support of the libel was limited to circumstances surrounding the use of the automobile in connection with the purchase of marihuana. The claimants offered no defense. A federal narcotics agent testified that on March 27, 1953, he went to Bingham Canyon, Utah, to meet Jose Ortega for the purpose of buying from him a quantity of bulk marihuana; that he met Ortega at a bar in Bingham Canyon where they discussed the sale of marihuana to the agent; and that upon leaving the bar, they used Ortega's automobile to travel to the place where the marihuana was to be obtained and delivered. The agent further testified that the distance to the place of delivery was between one-half mile and one mile; and that while they were traveling in the automobile, he agreed to purchase one package of marihuana for $15. When they arrived at what appeared to be a warehouse, Ortega left the car and went into the building. He returned shortly and delivered to the agent a can of marihuana for which the agent paid him $15. The parties then returned to the bar where they originally met. During the return trip, Ortega gave the agent his home telephone number and told him to call there concerning further purchases. Upon this evidence, the trial court held (1) that the automobile had not been used to transport, conceal, or possess narcotics, and (2) that the automobile had not been used to facilitate the sale of narcotics.
 
 
 3
 The pertinent provisions of 49 U.S.C.A. § 781 and 782 read:
 
 
 4
 '(a) It shall be unlawful (1) to transport, carry, or convey any contraband article in, upon, or by means of any vessel, vehicle, or aircraft; (2) to conceal or possess any contraband article in or upon any vessel, vehicle, or aircraft, or upon the person of anyone in or upon vessel, vehicle, or aircraft; or (3) to use any vessel, vehicle, or aircraft to facilitate the transportation, carriage, conveyance, concealment, receipt, possession, purchase, sale, barter, exchange, or giving away of any contraband article. * * *' 49 U.S.C.A. 781.
 
 
 5
 'Any vessel, vehicle, or aircraft which has been or is being used in violation of any provision of section 781 of this title, or in, upon, or by means of which any violation of section 781 of this title has taken or is taking place, shall be seized and forfeited: * * *.' 49 U.S.C.A. § 782.
 
 
 6
 49 U.S.C.A. § 784 provides that all provisions of law relating to the seizure, summary and judicial forfeiture, and condemnation of vessels and vehicles for violation of the customs laws shall apply to seizures and forfeitures incurred under the provisions of the chapter providing for the seizure of carriers transporting contraband articles.
 
 The customs laws provide:
 
 7
 'In all suits or actions brought for the forfeiture of any vessel, vehicle * * *, where the property is claimed by any person, the burden of proof shall lie upon such claimant; * * *'. 19 U.S.C.A. § 1615.
 
 
 8
 The courts have generally held that if the evidence is sufficient to show probable cause for belief that a vehicle was being used unlawfully and contrary to the foregoing statutes, a forfeiture of the vehicle should follow if the claimants have offered no proof. United States v. One 1949 Pontiac Sedan, 7 Cir., 194 F.2d 756, certiorari denied 343 U.S. 966, 72 S.Ct. 1061, 96 L.Ed. 1363; W. E. Dean & Co. v. United States, 5 Cir., 171 F.2d 468; United States v. Andrade, 9 Cir., 181 F.2d 42; United States v. Davidson, 1 Cir., 50 F.2d 517, certiorari denied 284 U.S. 660, 52 S.Ct. 36, 76 L.Ed. 559; United States v. Blackwood, 1 Cir., 47 F.2d 849, certiorari denied 284 U.S. 627, 52 S.Ct. 12, 76 L.Ed 534. If the evidence is of such a character that it will support a reasonable belief that the statute has been violated, then probable cause has been shown. United States v. One 1949 Pontiac Sedan, supra, and the cases cited there.[1]
 
 
 9
 We doubt that the transportation of narcotics in a car while in the possession of a United States officer, which possession is in connection with his official business, would sustain a forfeiture. In this case, however, the car was used to transport the purchaser to and from the place of sale, and the sale was actually negotiated in the car while traveling to the place of purchase. The use of the car cannot be separated from the sale itself. We are satisfied that the evidence is sufficient to show probable cause that the automobile was being used to facilitate the sale. The general meaning of the word 'facilitate' is 'To make easy, or less difficult, or to free from difficulty or impediment'. Black's Law Dictionary, 4th Ed., p. 705; Platt v. United States, 10 Cir., 163 F.2d 165, 166;[2] Pon Wing Quong v. United States, 9 Cir., 111 F.2d 751.
 
 
 10
 The claimants rely upon Platt v. United States, supra, to sustain the findings of the trial court. We think, however, that that case is clearly distinguishable upon the facts. There, a daughter borrowed her mother's automobile which she drove to a drug store where she obtained drugs through the use of a forged prescription. Forfeiture of the automobile was denied upon the grounds that the use of the car had nothing to do with the purchase of the narcotics; that it was nothing more than a means of locomotion by which the daughter went to the store to make an unlawful purchase of narcotics; and that the means employed in getting to the store had nothing to do with the sale. In the case at bar, the seller of the narcotics used the automobile to take the prospective purchaser to and from the source of supply of narcotics, and the sale was actually negotiated while riding in the automobile to the place of sale. If this is not a facilitation of the sale, it is rather difficult to perceive a state of facts which would be.
 
 
 11
 Judgment is reversed and the cause remanded with instructions to enter a decree of forfeiture.
 
 
 
 [1]
 After a discussion of the cases which have defined probable cause, the court in this case said:
 'Thus, from these and other decisions it appears correct to conclude that probable cause, as used in this context, is less than prima facie proof, but more than mere suspicion. Lying somewhere in the hiatus between these two extremities the semanticist would find its precise meaning. However, such meticulous precision is not needed for practical application.'
 
 
 [2]
 In the Platt Case the word 'facilitate' as used in this statute was defined as follows:
 'The word 'facilitate' is one of common use in business and transactions between ordinary persons. It is a term of everyday use, with a well understood and accepted meaning. Webster defines 'facilitate' as meaning: 'To make easy or less difficult; to free from difficulty or impediment; as to facilitate the execution of a task. (2) To lessen the labor of; to assist; * * *'. Funk & Wagnall's New Standard Dictionary defines 'facilitate' as follows: 'To make more or less difficult; free more or less completely from obstruction or hindrance; lessen the labor of.' The word 'facilitate' appears in many federal statutes. In none of them is it defined, but the presumption is that when Congress used this word, it ascribed to it its ordinary and accepted meaning. What is then meant by the use of the word 'facilitate' is that if an automobile is used to assist in the commission of the crime, it is subject to forfeiture.' (Footnotes omitted.)