## THE HARPOON II.
## THE MOTOR TENDER NO. 4K350.
### Misc. Civ. No. 7150.

District Court, D. Massachusetts.

June 11, 1947.

William T. McCarthy, U. S. Atty., and Joseph M. Hargedon, Asst. U. S. Atty., both of Boston, Mass., for plaintiff.

John P. White and McDonnell & White, all of Boston, Mass., for Yacht Harpoon II, Edward J. Rasmussen, and Alice Rasmussen.

John P. White, of Boston, Mass., for intervenor Margaret J. Rasmussen.

SWEENEY, District Judge.

This is an action for the forfeiture of the yacht "Harpoon II" and Motor Tender No. 4K350, brought under 49 U.S.C.A. § 781 and § 782. The owners of the boats deny the right of the government to claim forfeitures:—first, because the owner of the yacht, on the date when the contraband was seized, had not brought the contraband aboard the boat, it having been placed there by some one else and, second, because since the date when the contraband was seized, there has been a bona fide transfer of the boats to a purchaser for value.

### Findings of Fact

On October 5, 1945, the owner of these two boats was one Edward J. Rasmussen. Certain contraband which was present on both of these boats was seized that day by Federal authorities, as will appear hereinafter. On November 7, 1945, Rasmussen transferred the boats to one Alice Rasmussen, and $2,000 was paid by Alice Rasmussen and Margaret J. Rasmussen to designate attorneys for Edward J. Rasmussen. Later, the yacht and tender were transferred by Alice Rasmussen to Margaret J. Rasmussen. On October 5, 1945, the two boats were valued in the sum of $3,500 in the aggregate.

The contraband in question is a sawed-off shotgun and an automatic rifle, which fits into the definition of a submachine gun as defined by 26 U.S.C.A. Int.Rev.Code, § 2733(b). Admittedly there had been no tax paid upon the transfer of the firearms in question, as called for by 26 U.S.C.A. Int.Rev.Code, § 2720. The burden of proving such payment would be upon the owners of the guns, and no testimony has been offered in regard to them.

26 U.S.C.A. Int.Rev.Code, § 2726, states, in substance, that it is unlawful for any person to receive or possess any firearm which has at any time been transferred in violation of section 2720 et seq. 26 U.S. C.A. Int.Rev.Code, § 3261, provides for the registration of firearms with the collector of the district in which the owner resides. The guns in question were not registered with the collector of this district. With respect to the foregoing, I find that the two guns in question were not registered with the collector for this district, and that on October 5, 1945, the

then owner possessed them without a proper transfer tax having been paid upon them.

49 U.S.C.A. § 782, is the statute upon which the government is seeking a forfeiture of the two boats involved. This section refers back to § 781, which makes it unlawful for a vessel to transport, or to conceal or possess any contraband aboard any vessel. Under the definition of the word "contraband", as used in § 781(b) (2), the guns in question were contraband aboard these vessels and, as such, the vessels are subject to forfeiture if the defenses set up by the claimants are not good.

■ I find as a fact that the owner of these vessels, on October 5, 1945, was Edward J. Rasmussen, and that he had knowledge and was privy to the fact that the guns were aboard both the Harpoon II and the Tender. If, as he claims, the guns were placed there by some one else, he never should have touched them. He should have called to the attention of the port authorities the fact that the guns were aboard his boats. In fact, Rasmussen, together with one Feeney, was first detected carrying the box which contained the guns from the Harpoon II to the Tender, and thence to a point on the shore. Noting the presence of the Federal authorities, they did not come ashore with the guns but returned to the Tender, and attempted to, and did, land at another spot known as "Squaw Head", Squantum, Massachusetts. There the boxes containing the guns were landed, and Rasmussen and Feeney then returned to the Motor Tender. These activities had been watched by the harbor police, and they were chased and apprehended by the officers aboard the police boat.

■ The subsequent transfer of these vessels by Rasmussen to other persons has no effect upon the government's right to proceed to forfeiture. It has been held in many cases that the forfeiture takes place upon the commission of the forbidden act, and the statute operates to transfer the title at once to the government so as to avoid all subsequent sales of property, however innocent the purchaser may be. United States v. 1960 Bags of Coffee, 8 Cranch 398, 12 U.S. 398, 409, 3 L.Ed. 602; Caldwell v. United States, 8 How. 366, 48 U.S. 366 at 381, 12 L.Ed. 1115: Henderson's Distilled Spirits, 14 Wall. 44, 81 U.S. 44, 20 L.Ed. 815.

### Conclusions of Law

From the foregoing I conclude and rule that the Yacht Harpoon II and Motor Tender No. 4K350 were being used to facilitate the concealment and possession of contraband as defined in 49 U.S.C.A. § 781. I conclude and rule that, under 49 U.S.C.A. § 782, the Yacht Harpoon II and Motor Tender No. 4K350 are forfeited to the United States as of October 5, 1945.

A decree may be prepared in accordance with the above.