## UNITED STATES
### v.
### ONE 1950 PONTIAC CONVERTIBLE COUPE et al.
### Civ. No. 10569.

United States District Court
W. D. Pennsylvania.

Dec. 29, 1953.

John W. McIlvaine, U. S. Atty., Pittsburgh, Pa., for plaintiff.

Vincent M. Casey, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This is a libel for the forfeiture of a 1950 Pontiac Convertible Coupe. Said vehicle was registered in the name of Marie R. Mueller but was used by her son, George Mueller, and other persons for the transportation of a sawed-off shot gun, 12 gauge, 8½ inch single barrel, to perpetrate a robbery. Said shot gun was concealed and carried in said vehicle in preparation for the commission of a robbery, used in the commission of the crime and concealed in the vehicle subsequent thereto.

It is contended by the government that the firearm was contraband and since it was not registered and carried in the vehicle, the libel should be sustained. 26 U.S.C.A. §§ 3261, 2733(a) and 49 U.S.C.A. § 782.

It is unlawful to transport, conceal or possess any contraband in a motor vehicle. 49 U.S.C.A. § 781. It is my judgment that the gun was "contraband" as provided in Section 781(b)(2). The Harpoon II, D.C., 71 F.Supp. 1022.

The libel proceeding was served on George Mueller and his mother, Marie R. Mueller. Neither party answered and each remained mute and did not appear to offer any evidence of innocence or avoidance.

I am clearly satisfied that George Mueller used and drove the car on many occasions when the contraband firearm was concealed therein, and that probable cause was established by the government for the search and seizure of the vehicle and the institution of the libel proceeding. Thereupon, the burden of proof was cast upon Marie R. Mueller and George Mueller to exculpate the automobile and said burden of proof not having been met, the decree of forfeiture should be entered. United States v. One 1949 Pontiac, 7 Cir., 194 F.2d 756.

An appropriate Order is entered.